**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **GREGORY S. MERCER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No.: 1:18-cv-346** |
| v. | ) | |
| | ) | |
| **E. A. VEGA,** | ) | **Plaintiff Demands Trial By Jury** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **Serve: E. A. Vega** | ) | |
| **4977 Alliance Drive** | ) | |
| **Fairfax, Virginia  22030** | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Gregory S. Mercer, by counsel, and for his First Amended

Complaint against Defendant E. A. Vega for damages in the sum of FIVE HUNDRED

THOUSAND DOLLARS ($500,000.00), of which THREE HUNDRED FIFTY THOUSAND

DOLLARS ($350,000.00) represents compensatory damages and ONE HUNDRED FIFTY

THOUSAND DOLLARS ($150,000.00) represents punitive damages, together with the costs,

interests and expenses of this action, alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Gregory S. Mercer brings this action pursuant to 42 U.S.C. § 1983 and

alleges a violation of the Fourth Amendment to the United States Constitution. This Court has

jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution

and laws of the United States, and, pursuant to 28 U.S.C. § 1343(a)(3), because it seeks to

redress the deprivation, under color of State law, of rights, privileges and immunities secured to

Plaintiff  by the Constitution and laws of the United States.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events, acts and/or omissions giving rise to Plaintiff's claim occurred in this judicial district.

**PARTIES**

3.      Plaintiff Gregory S. Mercer (hereinafter "Plaintiff") is a citizen and resident of Virginia.

4.      Defendant E. A. Vega (hereinafter "Defendant") is a citizen and resident of Virginia.

**COUNT I:  WARRANT TAKEN OUT WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983**

5.      Paragraphs 1-4, as set forth above, are re-alleged and incorporated herein by reference.

6.      Count I is brought against Defendant in his individual capacity while serving as a Virginia State Trooper.

7.      At all times herein, Defendant was employed as a Virginia State Trooper and was acting under the color of state law due to the fact that he was wearing his state police uniform and displaying his badge of authority.

8.      On or about June 1, 2015, Defendant swore out criminal warrants under oath in the County of Fairfax, Virginia, against Plaintiff for two (2) counts of misdemeanor invasion of privacy by computer in violation of Va. Code Ann. 18.2-186.3, and one count of misdemeanor stalking in violation of Va. Code Ann. 18.2-60.3 for conduct alleged to have taken place between March 3, 2015, and May 31, 2015.

9.      Plaintiff was placed under arrest on the warrants referenced in paragraph 8 on or about June, 6, 2015.

10.     Plaintiff was tried on or about March 31, 2016, in the General District Court for the County of Fairfax on all three (3) of the above-referenced charges.

11.     At the conclusion of the above-referenced trial, Plaintiff was acquitted on each and every offense.

12.     It was at the March 31, 2016, trial that Plaintiff became aware of the fact that Defendant had absolutely no probable cause whatsoever for taking criminal warrants out against Plaintiff.

13.     Defendant arrested Plaintiff without probable cause because Defendant knew that the "invasion of privacy" and "stalking" alleged to have been perpetrated on the "victim," K. Allander, at the hands of Plaintiff were, in fact, nothing more than simple attempts to effect service on an evasive litigant in an unrelated previous civil matter.

14.     Defendant knew at the time he took out a stalking charge against Plaintiff that multiple attempts to have a litigant served at his home address does not amount to criminal stalking.

15.     Defendant knew at the time he took out two invasion of privacy charges against Plaintiff that engaging the services of a private investigator to obtain pedigree information about a litigant does not amount to criminal invasion of privacy.

16.     Defendant knew that Plaintiff's attempts to effect service on the evasive litigant in the unrelated previous civil matter were not violations of any law, nor could they reasonably be construed as such, and thus Defendant did not have probable cause to believe that Defendant

3

committed any criminal offense when he made statements to a magistrate that probable cause existed for warrants on the above-referenced charges.

17.     As arrests made without probable cause are per se violations of the Fourth Amendment to the U.S. Constitution, Defendant's acts of taking out criminal warrants against Plaintiff without probable cause were violations of Plaintiff's Constitutional rights.

18.     At all times referenced above, and for the reasons stated above, Defendant never had any probable cause to believe Plaintiff was ever engaged in criminal activity of any kind.

19.     Plaintiff was seized for purposes of Fourth Amendment analysis when Plaintiff was arrested on the warrants sworn out by Defendant.

20.     Defendant is subject to liability on account of the language in the following Federal statute, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

21.     The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, *and no Warrants shall issue, but upon probable cause*, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV (emphasis added).

22.     The Fourth Amendment was made applicable to the States by the Fourteenth Amendment.  *Mapp v. Ohio*, 367 U.S. 643 (1961).

23.     The rights of citizens under the Fourth Amendment are clearly established.

24.     Defendant violated Plaintiff's Fourth Amendment rights when Defendant took out criminal warrants against Plaintiff without probable cause.

25.     Because Defendant had no probable cause to place Plaintiff under formal arrest, Defendant's seizure of Plaintiff's person was not reasonable, and thus a violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

26.     Defendant is subject to civil liability pursuant to 42 U.S.C. § 1983 because Defendant violated Plaintiff's Fourth Amendment rights.

27.     Plaintiff sustained the following damages as the proximate result of Defendant's unlawful conduct: pain, suffering, inconvenience and mental anguish.

28.     Defendant, as a government official, is not protected by the doctrine of qualified immunity from liability for civil damages because the conduct of Defendant violated clearly established statutory or constitutional rights of which a reasonable officer would have known.

29.     Punitive damages are demanded because Defendant was recklessly and/or callously indifferent to the federally protected rights of Plaintiff – namely Plaintiff's Fourth Amendment right to be free from arrest warrants taken out without probable cause.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Gregory S. Mercer, by counsel, demands for:

A.  Judgment against Defendant E. A. Vega for damages in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), of which THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) represents compensatory damages and ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) represents punitive damages;

B.   An order awarding Plaintiff's costs and expenses; and

C.   Trial by jury.

**GREGORY S. MERCER**

By:_____/s/_____

*Of Counsel*

S. W. Dawson, Esq. (VSB #83166)
DAWSON, P.L.C.
P. O. Box 58
Norfolk, Virginia 23501
757.282.6601 (Telephone)
757.282.6617 (Fax)
swd@dawsonplc.com
*Counsel for Plaintiff*